UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR H.M.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT and SERGIO ALBARRAN,<br>Respondents. | No. 1:26-cv-08892-MKD<br>A# 216-964-289<br>ORDER DISMISSING PETITION FOR HABEAS CORPUS |

Petitioner, an immigration detainee at the California City Immigration Processing Center, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court dismissing the Petition without prejudice.

**BACKGROUND**

Petitioner, a native and citizen of Cuba, entered the United States without inspection near San Luis, Arizona, on March 21, 2021. ECF No. 6-1 at 2. Yuma Border Patrol agents took him into custody that day and processed him for expedited removal. *Id.* On April 15, 2021, ICE ordered his release on

recognizance under § 236 of the Immigration and Nationality Act. ECF No. 1-1 at 2. After his release, Petitioner lived with his wife and relatives in Passaic, New Jersey, and worked as a commercial driver. *Id.* at 3; ECF No. 1-4 at 5, 8. Respondents describe Petitioner as having "developed [a] significant criminal record." ECF No. 6 at 2. However, their own submission refutes that characterization, showing only a single paid traffic citation. ECF No. 6-1 at 19-21.

On October 10, 2025, ICE arrested him when he appeared for his asylum interview in Newark. ECF No. 6-1 at 2. On January 26, 2026, an immigration judge ruled that the United States' asylum agreement with Ecuador barred Petitioner from pursuing his asylum application in the United States. ECF No. 6-1 at 14-15. The immigration judge ordered him removed to Ecuador. ECF No. 6-2 at 1. Petitioner appealed the removal order to the BIA on January 31, 2026. ECF No. 1-7 at 2.

Petitioner filed his first habeas petition in the District of New Jersey on February 13, 2026. ECF No. 6 at 2. On May 22, 2026, the court held that § 1226(a) governed his detention and ordered a bond hearing within ten days. *Hernandez Machado v. Noem*, No. 3:26-cv-1449 (D.N.J. May 22, 2026), ECF No. 12 at 4. At the June 1, 2026, hearing, Petitioner presented evidence that he could return to his family's home and resume his job. ECF No. 1-4 at 5. His sponsor offered to help him comply with his immigration obligations. *Id.* at 6. The

immigration judge denied bond on risk of flight grounds. ECF No. 6-1 at 11. The immigration judge explained that Petitioner's limited prospects for immigration relief reduced his incentive to appear and that he had failed to show that any amount of bond would mitigate that risk. *Id.* at 7-8.

Petitioner appealed the bond denial to the BIA on June 13, 2026. ECF No. 1-7 at 3. On June 30, 2026, he filed a second habeas petition in the District of New Jersey, challenging the fairness of the June hearing. ECF No. 1 at 3; ECF No. 1-6 at 2-3. He filed his brief in the bond appeal on September 28, 2026. ECF No. 1-7 at 3. On September 29, 2026, the district court denied his second habeas petition. After reviewing the transcript, the court found that the immigration judge had considered Petitioner's evidence, heard argument from counsel, and explained her risk of flight determination. It concluded that Petitioner had received a "fundamentally fair bond hearing." *Hernandez Machado v. Mullin*, No. 3:26-cv-7982 (D.N.J. Sept. 29, 2026), ECF No. 11.

ICE transferred Petitioner from New Jersey to Arizona on October 12, 2026, and to the California City Immigration Processing Center the following day. ECF No. 1 at 6; ECF No. 1-8 at 2-3. He has now been in custody for more than thirteen months. The BIA, however, has yet to decide either appeal. ECF No. 7 at 2-3.

**DISCUSSION**

Respondents argue that this Petition repeats claims raised in Petitioner's

prior habeas proceedings and seeks relief before completion of administrative review of the bond denial. ECF No. 6 at 3. Petitioner responds that he challenges his continued detention under present circumstances and that exhaustion should be excused because the BIA cannot resolve his constitutional claim. ECF No. 7 at 2-3.

A detainee ordinarily must complete BIA review of an adverse bond determination before seeking habeas relief. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). This requirement is prudential and may be excused when administrative remedies are inadequate or futile or when requiring exhaustion would cause irreparable injury. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). In deciding whether to require exhaustion, courts consider whether agency expertise is needed to "generate a proper record and reach a proper decision," whether excusing exhaustion would "encourage the deliberate bypass of the administrative scheme," and whether administrative review would allow the agency to "correct its own mistakes" and avoid judicial intervention. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (simplified).

As noted above, Petitioner received a bond hearing on June 1, 2026, at which counsel presented his proposed release arrangements and family support. The immigration judge denied bond on risk of flight grounds and explained the basis for that determination. The District of New Jersey subsequently found that

Petitioner received a "fundamentally fair bond hearing." Petitioner appealed the bond denial on June 13, 2026, and filed his brief on September 28, 2026, the prescribed deadline. That appeal remains pending.

Petitioner argues that requiring him to await the BIA's decision would prolong his detention without assurance of a timely ruling. ECF No. 1 at 4-5. The assessment of prolonged detention must also account for the process provided during that period. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-08 (9th Cir. 2022). Petitioner has received an individualized custody determination and judicial review of the hearing's fairness. His appeal had been pending for approximately five months when he filed his reply, with approximately seven weeks elapsed since submission of his appellate brief. On this record, the delay does not establish that administrative review is ineffective or that awaiting a decision would cause irreparable injury sufficient to excuse exhaustion.

Petitioner also argues that the BIA cannot decide his constitutional claim or provide a hearing with the burden of proof he requests. ECF No. 1 at 5. The pending appeal allows the BIA to apply its expertise to the risk of flight determination and correct any errors. A favorable ruling could provide the custody relief Petitioner seeks without a decision on his constitutional claim. Those considerations favor requiring completion of the appeal. *See Puga*, 488 F.3d at 815.

Because Petitioner has not established a basis for excusing the exhaustion requirement, the Court dismisses the Petition without prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED without prejudice**.

2. The restriction on Petitioner's transfer imposed pending resolution of the Petition is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondents and **CLOSE** this case.

DATED November 18, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE